IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LeRoy Shaw, # 301480, ) | Civil Action No. 9:12-1349-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| William R. Byars, Director; Leroy ) | |
| Cartledge, Warden; and Mrs. Leggins, ) | |
| Programs and Services; individually ) | |
| and in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 18, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 20, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter file a response in opposition to the Defendants' motion on March 25, 2013.



The Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that on April 7, 2012 he went to pick up his legal mail from the McCormick Correctional Institution mail room, whereupon the mail room clerk (Mrs. Young) told him that he could not get his legal mail. Plaintiff alleges that Young told him that, per the Defendant Leggins, his legal mail had to go to headquarters. Plaintiff alleges that this was a violation of the (then) policy on inmate correspondence privileges at the SCDC. Plaintiff further alleges that when he finally received his legal mail on May 9, 2012, it had been opened outside of his presence, and that neither the Correspondence Review Committee or the Defendant Leggins gave him any explanation for why his mail had been held up and then opened outside of his presence. Plaintiff alleges that the Defendants Byars (Director of the SCDC) and Cartledge (Warden of the McCormmick Correctional Institution) are responsible for the allegedly unconstitutional practices or policies which allowed Leggins to violate his First Amendment rights. Plaintiff seeks monetary damages from the Defendants.

Plaintiff has attached to his Complaint as exhibits a copy of a Step 1 Grievance form (Grievance MCI-338-12), a copy of the SCDC Inmate Correspondence Privileges, and a copy of a document purportedly showing receipt of something by the MCI mail room on May 9, 2012, following approval by the Correspondence Review Committee on May 4, 2012.  See generally,

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



Plaintiff's Verified Complaint, with attached Exhibits.

In support of summary judgment in the case,[3] the Defendants have submitted an affidavit from Ann Hallman, who attests that she is Chief of the Inmate Grievance branch of the SCDC. Hallman attests that Plaintiff's Step 1 Grievance (MCI-338-12) concerning his complaint about his legal mail was received on April 11, 2012. Hallman attests that the Defendant Cartledge issued a decision on Plaintiff's grievance on April 19, 2012, in which he advised the Plaintiff that mail room Director Young was following a directive from headquarters requiring all mail received from the U. S. Department of Justice to be forwarded to the Correspondence Review Committee. Hallman attests that Plaintiff signed the grievance on April 24, 2012 along with the Inmate Grievance Coordinator, indicating that he accepted the Warden's decision and considered the matter closed. A copy of Plaintiff's Step 1 Grievance is attached to Hallman's affidavit as Exhibit A. Hallman attests that Plaintiff did not file a Step 2 appeal.[4]  See generally, Hallman Affidavit, with attached Exhibit [Step 1 Grievance form].

In his response to the Defendants' motion for summary judgment, Plaintiff has submitted an affidavit wherein he attests (with respect to the grievance issue) that Hallman's Affidavit was notarized on February 5, 2012, before the incident at issue even took place. See

---

[3]Additional evidence other than what is discussed hereinabove has been submitted by the parties; however, the undersigned has only discussed in this opinion those items of evidence as are necessary for resolution of the Defendants' motion for summary judgment.

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



Exhibit [Plaintiff's Affidavit, ¶ 4]. Plaintiff does not otherwise discuss the grievance issue in this affidavit, or in his memorandum opposing summary judgment.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

With respect to exhaustion of remedies, 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute,



Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted the affidavit from Ann Hallman, Chief of the Grievance Branch with the Department of Corrections,[5] as well as a copy of Plaintiff's Step 1 Grievance form. Defendants argue that the evidence before the Court shows that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, and the undersigned is constrained to agree. The evidence shows that Plaintiff's Step 1 Grievance relating to his mail was filed on or about April 9, 2012 (received April 11, 2012), was denied by the Warden on April 19, 2012, and received and accepted by the Plaintiff on April 24, 2012. Plaintiff has presented no evidence to show, and indeed

---

[5]Plaintiff's statement in his affidavit that Hallman's affidavit is somehow fraudulent because it is dated prior to the events at issue in this case having happened is patently without merit. Hallman's affidavit was filed with the Court on February 18, 2013. The shown date on the Affidavit of February 5, "2012" is an obvious scrivener's error, as the Step 1 Grievance form attached to Hallman's affidavit is dated two months later, April 2012. Therefore, it would have been impossible for Hallman to have attested to the events referenced in her affidavit in February 2012.



does not even argue, that he ever filed a Step 2 Grievance appeal of the denial of his Step 1 Grievance. Indeed, Plaintiff himself concedes in his verified Complaint that, at the time he filed his Complaint (which is dated just a few weeks after the decision on his Step 1 Grievance), he had not received a final agency/departmental/institutional answer or determination to his grievance. See Verified Complaint, Section II(D).

Plaintiff's acknowledged failure to appeal the denial of his grievance past the Step 1 stage entitles the Defendants to summary judgment in this case. Porter, 534 U.S. at 516 [exhaustion required for all actions brought with respect to prison conditions]; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]. Therefore, this case is subject to dismissal. Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)).

### **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

- 6 -





The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 28, 2013
Charleston, South Carolina

- 7 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

